UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SULLIVAN, WARD, ASHER & PATTON, P.C.**
25800 Northwestern Hwy., Suite 1000
Southfield, Michigan 48075
Telephone: 248.746.0700
Facsimile: 248.746.2760
Attorneys of Record for Plaintiff
David J. Selwocki (DS1018)

_____/

TRUSTEES OF THE SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION LOCAL NO. 38
VACATION FUND, SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION LOCAL NO. 38
INSURANCE AND WELFARE FUND, SHEET METAL
WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38
PROFIT SHARING PLAN, SHEET METAL WORKERS
LOCAL 38 LABOR MANAGEMENT COMMITTEE
AND TRUST, SHEET METAL WORKERS LOCAL 38
CRAFT TRAINING FUND, SHEET METAL WORKERS
NATIONAL PENSION FUND, SHEET METAL WORKERS
LOCAL 38 CRAFT TRAINING BUILDING FUND, TRUST
FUNDS established and administered pursuant to federal law,

    Plaintiffs,

vs.

Case No.: 11-cv-
Judge

DC STEEL BUILDERS, a Colorado
corporation, and CHRISTOPHER
BLAKELEY, individually,

    Defendants.

_____/

## COMPLAINT

**NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint against Defendants, DC STEEL BUILDERS and CHRISTOPHER BLAKELEY, Individually, state as follows:

1. Plaintiffs are the Trustees of SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 VACATION FUND, SHEET METAL WORKERS

INTERNATIONAL ASSOCIATION LOCAL NO. 38 INSURANCE AND WELFARE FUND, SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 ANNUITY FUND, SHEET METAL NATIONAL PENSION FUND; SHEET METAL CONTRACTORS INDUSTRY FUND; SHEET METAL WORKERS LOCAL 38 LABOR MANAGEMENT COMMITTEE AND TRUST, SHEET METAL WORKERS LOCAL 38 CRAFT TRAINING FUND, SHEET METAL WORKERS LOCAL 38 CRAFT TRAINING BUILDING FUND, TRUST FUNDS ("FUNDS"), have administrative offices in the City of Brewster, New York.

2. Defendant DC STEEL BUILDERS is a Colorado corporation that conducts business in the State of New York (hereinafter "DC").

3. Defendant CHRISTOPHER BLAKELEY (hereinafter "Blakeley") is an individual who is the principal owner/officer of the corporate Defendant. Blakeley is responsible for running the day-to-day operations of the company and responsible for all its decisions pertaining to the payment of contributions to the Funds, including decisions whether to pay contributions.

4. Blakeley is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agent acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). Blakeley is an employer within the meaning of §3(5) of ERISA, 29 USC §1002(5) and is thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

5. The FUNDS are administered by a Joint Board of Trustees, pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The Plaintiff FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local Union No. 38, (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

2

6. At all times relevant hereto, Defendant DC was signatory to a Collective Bargaining Agreement with the Union.

7. Plaintiff FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

8. Pursuant to the terms and provisions of the Collective Bargaining Agreement between DC and the Union, DC agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by DC, and covered by the Agreement.

9. Pursuant to the provisions of the Collective Bargaining Agreement and the Plans of the Fringe Benefit Funds, contributions become vested Plan assets when due.

10. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection.

11. That pursuant to the Collective Bargaining Agreement, the Trustees are authorized and empowered to examine and copy the payroll records and books of a signatory employer to permit the trustees to determine whether such employer is making the appropriate contributions under the Agreement.

12. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

13. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between a labor organization and an employer.

## COUNT I – Breach of Collective Bargaining Agreement
## And Violation of 29 USC §1145

14. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 13 above as though fully set forth herein.

15. That notwithstanding its contractual obligations, Defendant DC has failed and refused to pay its obligations and thus has violated the Collective Bargaining Agreement.

16. Plaintiff FUNDS are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreement and is restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that Defendant DC STEEL BUILDERS open its books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiffs against Defendants DC STEEL BUILDERS and CHRISTOPHER BLAKELEY, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT II – Breach of Fiduciary Duties

17. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 16 above as though fully set forth herein.

18. Blakeley is a fiduciary with respect to the various Fringe Benefit Plans within the meaning of ERISA, 29 U.S.C. §1002(21)(A) in that he exercised discretionary authority or control respecting management or disposition of assets of the Plans.

4

19. By engaging in the acts and omissions described, Blakeley has breached his fiduciary duties regarding the Funds within the meaning of 29 U.S.C. §1104(a)(1)(A).

20. Blakeley is personally liable based on breaching his fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

- A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

- B. Enter an Order that Defendant DC STEEL BUILDERS open its books and records for a complete payroll audit;

- C. Enter a Judgment in favor of Plaintiffs against Defendants DC STEEL BUILDERS and CHRISTOPHER BLAKELEY, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

- D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

- E. Any such other, further, or different relief as may be just and equitable under the circumstances.

### COUNT III – Judgment on Arbitration against Defendant, DC Steel Builders

21. Plaintiffs reallege and incorporate the allegations stated in paragraphs 1 through 20 above as though fully set forth herein.

22. At all relevant times hereto, Defendant DC was bound to a Collective Bargaining Agreement with the Union, Sheet Metal Local 38.

23. Defendant DC has paid fringe benefit obligations to Plaintiff Funds on a regular basis and submitted the appropriate contribution forms as required by the applicable Collective Bargaining Agreement (hereinafter "CBA").

24. Pursuant to the terms of the CBA, the Union filed a grievance against the Defendant (**Exhibit A**).

5

25. Pursuant to the terms and conditions of the CBA, the grievance was sent to the Local Joint Adjustment Board for arbitration on October 27, 2008 (**Exhibit B**).

26. On November 5, 2008, the Local Joint Adjustment Board issued a decision against the Defendants in the amount of $3,153.79 (**Exhibit C**).

27. Pursuant to the language of Article 10, Section 2 of the CBA attached hereto as Exhibit A, a decision of the Local Joint Adjustment Board shall be final and binding except in the case of a deadlock.

28. This action is brought pursuant to the rights and responsibilities of the Fringe Benefit Funds pursuant to 29 USC §1132(g)(2) and 9 USC §9.

29. The Defendant has not paid the arbitration award.

30. The Defendant has not filed objections to the arbitration award.

31. Plaintiffs now seek entry of a Judgment upon the arbitration award of the Local Joint Adjustment Board pursuant to the CBA and applicable federal law. Further, pursuant to the CBA, Plaintiffs are entitled to all attorney fees and costs in pursuing this matter.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter a Judgment enforcing the arbitration award against the Defendant, DC STEEL BUILDERS, and award all other costs and fees pursuant to the CBA upon further submissions of the Plaintiffs.

Respectfully submitted,

SULLIVAN, WARD, ASHER,
& PATTON, P.C.

By: _____
DAVID J. SELWOCKI DS1018
Attorneys for Plaintiffs
25800 Northwestern Highway
Suite 1000
Southfield MI 48075
(248) 746-0700

Dated: _____January 21, 2011_____
W0961886//S23-117811

# Sheet Metal Industry Grievance Form



Article (X) Section I Compliance
TO BE SUBMITTED WITH EACH FORMAL REQUEST FOR A LOCAL JOINT ADJUSTMENT BOARD HEARING

| 1. Date of Filing<br>10/27/2008 | 2. Name, Address, Local Union and Union Representative Involved | 3. Name, Address and Representative of Employer Involved. |
|---|---|---|
| 4. Date of Alleged Violation<br>10/20/2008 | Sheet Metal Workers' Local Union 38<br>P.O. Box 119, 38 Starr Ridge Road<br>Brewster, New York 10509 | DC Steel Builders<br>4164 Austin Bluffs Pkwy<br># 347<br>Colorado Springs, Co. 80918 |
| 5. Project, Site or Shop Involved.<br>DC Steel Builders |  | 6. Address of Involved Project, Site or Shop.<br>4164 Austin Bluffs Pkwy<br># 347<br>Colorado Springs, Co. 80918 |

7. Nature of Grievance
Non Payment of Benefits For September 2008

8. Article(s) and Section(s) of Agreement Alleged Violated.
Article XII, Section 2-Funds- (Para#4-Contributions and Para #6-Billing Procedures)

9. Date The Local Union Representative and Employer Representative Were Notified of Grievance.
October 27, 20088

10. Record of Attempts to Resolve Grievance Under Article (X) Section 1.
( TYPE OF ATTEMPT : 1-Telephone, 2-Letter, 3-Telegraph, 4-Fax, 5-Other )

| Attempt # | Type of Attempt | Date of Attempt | Result of Contact. (use other side if necessary) |
|---|---|---|---|
| 1 | 4 | 10/21/08 | Faxed Delinquent Contractors Letter. No Response |
| 2 | 1 | 10/24/2008 | Left Message, no response. |
| 3 | 1 | 10/27/08 | Left Message, no response. |
| 4 | | | |
| 5 | | | |

11. Comments

ARTICLE X
* * * *

SECTION 1. Grievances of the Employer or the Union, arising out of interpretation or enforcement of this agreement, shall be settled between the Employer directly involved and the duly authorized representative of the union, if possible. Both parties may participate in conferences through representatives of their choice.
To be valid, grievances must be raised within thirty (30) calendar days following the occurrence giving rise to the grievance, or, if the occurrence was not ascertainable within thirty (30) calendar days of first knowledge of the facts giving rise to the grievance.

# SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION

P.O. Box 119, 38 Starr Ridge Road, Brewster, New York 10509

(845) 278-6868     **LOCAL UNION 38**     Fax (845) 279-1061

Stephen M. Quaranto, *President/Business Manager*





EXHIBIT B

**October 27, 2008**

Local Joint Adjustment Board      RE:   **LU38 vs. DC Steel Builders**
P.O. Box 119,      4164 Austin Bluffs Pkwy. # 347
38 Starr Ridge Road      Colorado Springs, Co. 80918
Brewster, New York 10509      **Non-Payment Benefits 9/08**

I am submitting to the Local Joint Adjustment Board a grievance between the Sheet Metal Workers' **Local Union 38 and DC Steel Builders 4164 Austin Bluffs Pkwy, Colorado Springs, Co. 80918.** Having not settled this grievance under Article 10, Section 1, I would like to have a hearing under Article 10, Section 2 by the Local Joint Adjustment Board.

Pursuant to Article 10, Section 2 of the Standard Form of Union Agreement in effect between Sheet Metal Workers' International Association Local Union 38; Sheet Metal and Roofing Contractors' Association of Southeastern New York, (SMACNA), I request a grievance hearing to be held by the Local Joint Adjustment Board to settle a dispute now in effect between Sheet Metal Workers Local Union 38 and **DC Steel Builders,** which company is in signed agreement with **Local 38** and therefore bound by the provisions of the Standard Form of Union Agreement and Addendums thereto.

The disputes involved are:      Violation of:
     **Article XII-Section 2(4)**      **Billing Procedure**

I hereby request the Board to provide a date mutually acceptable and in accordance with Article 10, Section 2 of the Procedural Rules of the National Joint Adjustment Board of the Sheet Metal Industry.

I would appreciate any communications regarding this grievance hearing to be forwarded to the Local Union 38 Office.

Very truly yours,

*Stephen M Quaranto*

Stephen M. Quaranto
President/Business Manager

SMQ/dar
CC: **DC Steel Builders**
    Lawrence Sturgis                                        grvstep1.gc

# LOCAL JOINT ADJUSTMENT BOARD OF SHEET METAL WORKERS LOCAL UNION No. 38
# AND SHEET METAL AND ROOFERS EMPLOYERS ASSOCIATION OF SOUTHEASTERN, N.Y., INC.

P. O. Box 119, 38 Starr Ridge Road, Brewster, New York 10509   (845)278-6868   Fax (845)279-1061



October 27, 2008

**SENT VIA FAX # 303-484-4485**

DC Steel Builders
4164 Austin Bluffs Pkwy.
#343
Colorado Springs, Co. 80918

RE: **LU 38 vs. DC Steel Builders**
4164 Austin Bluffs Pkwy #343
Colorado Springs, Co. 80918
**Non-Payment Benefits-September 2008**

Gentlemen:

Please be advised that the scheduled Local Joint Adjustment Board Hearing will be at the Local Union 38 Office with reference to the above captioned on:

**Wednesday, November 5, 2008 at 11:30 AM**

Please be informed of the following:

The Charged Party may be granted one postponement for good causes, provided a phone call is made 48 hours prior to the scheduled hearing, both to Local 38 (845) 278-6868 and the Employers' Association (914) 592-1776, requesting postponement. A follow-up letter to both offices for the records will be required.

Any evidence, proof or exhibits to substantiate claims must be submitted at the time of the hearing and will be used as a basis for making judgements. The Board will not delay its decision pending receipt of such evidence at a later time.

A copy of the charges is enclosed.

Joint Adjustment Board

Enc.
cc: Lawrence Sturgis
grvstep1.dr

## LOCAL JOINT ADJUSTMENT BOARD OF SHEET METAL WORKERS LOCAL UNION No. 38 AND SHEET METAL AND ROOFERS EMPLOYERS ASSOCIATION OF SOUTHEASTERN, N.Y., INC.

P. O. Box 119, 38 Starr Ridge Road, Brewster, New York 10509  (845)278-6868  Fax (845)279-1061



**VIA CERTIFIED MAIL**

November 10, 2008

DC Steel Builders
4164 Austin Bluffs Pkwy. #343
Colorado Springs, CO 80918

RE: Grievance 38-08-11
SMWIA Local 38 v. DC Steel Builders

Job: Various

Ladies and Gentlemen:

The Local Joint Adjustment Board (LJAB) for the Sheet Metal Industry met on November 5, 2008 to consider the above-referenced matter.

The LJAB determined that all procedural requirements had been met, that the grievance was timely, and was properly before the Board for consideration. DC Steel Builders was not represented. Based upon the record and testimony of the parties, the LJAB rendered the following decision:

The Board finds that DC Steel Builders violated Article XII, Section 4(2) and Article III of the Agreement.

The penalties include $2,653.79 for Septembers' benefits and a $500 charge for processing for a total of $3,153.79 not including liquidating damages. The penalty of $500.00 will be held in abeyance if Major Metals provides payment of $2,653.79 within 30 days of the above date.

We call your attention to the following language of Article X, Section 2 of the SFUA:

"Except in the case of a deadlock, a decision of a Local Joint Adjustment Board shall be final and binding."

_Stephen M Quaranto_
Stephen Quaranto, Business Manager

_Lawrence Sturgis_
Lawrence Sturgis, Secretary

11/10/08
Date

| NO. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT |
|---|---|---|---|---|---|---|
| 01 | 16172542477 | Nov.11 10:52AM | 00'42 | SND | 01 | OK |
| 02 | 12036970823 | Nov.11 10:53AM | 00'40 | SND | 01 | OK |
| 03 | 12033221928 | Nov.11 10:54AM | 01'00 | SND | 01 | OK |
| 04 | 18608289320 | Nov.11 10:55AM | 00'52 | SND | 01 | OK |
| 05 | 12037722574 | Nov.11 10:56AM | 00'35 | SND | 01 | OK |
| 06 | 12032877584 | Nov.11 10:57AM | 00'41 | SND | 01 | OK |
| 07 | 18605280517 | Nov.11 10:58AM | 00'49 | SND | 01 | OK |
| 08 | 12033174759 | Nov.11 10:59AM | 00'59 | SND | 01 | OK |
| 09 | 18602893986 | Nov.11 11:00AM | 00'44 | SND | 01 | OK |
| 10 | 18606664436 | Nov.11 11:01AM | 00'40 | SND | 01 | OK |
| 11 | 17185475435 | Nov.11 11:02AM | 00'30 | SND | 01 | OK |
| 12 | 8456285341 | Nov.11 11:03AM | 01'11 | RCV | 01 | OK |
| 13 | 12034791103 | Nov.11 11:14AM | 00'32 | SND | 01 | OK |
| 14 | 18607612593 | Nov.11 11:15AM | 00'29 | SND | 01 | OK |
| 15 | 8965526 | Nov.11 11:26AM | 01'21 | SND | 01 | OK |
| 16 | 8458965526 | Nov.11 12:34PM | 01'03 | RCV | 01 | OK |
| 17 | 2274663 | Nov.11 12:36PM | 01'52 | SND | 03 | OK |
| 18 | 914 592 1904 | Nov.11 12:42PM | 01'51 | RCV | 06 | OK |
| 19 | 9147391285 | Nov.11 12:45PM | 00'43 | RCV | 01 | OK |
| 20 | 8454540608 | Nov.11 12:53PM | 00'48 | RCV | 02 | OK |
| 21 | CTF | Nov.11 12:55PM | 00'53 | SND | 01 | OK |
| 22 | STURGIS | Nov.11 01:10PM | 01'56 | SND | 06 | OK |
| 23 | LANDMARK | Nov.11 01:15PM | 00'53 | SND | 01 | OK |
| 24 | 2271744 | Nov.11 01:17PM | 00'31 | SND | 01 | OK |
| 25 | 13034844485 | Nov.11 01:19PM | 00'32 | SND | 01 | OK |
| 26 | BERGER MEC | Nov.11 01:20PM | 01'02 | SND | 01 | OK |
| 27 | <FAX # NOT AVAIL.> | Nov.11 01:24PM | 01'04 | RCV | 01 | OK |
| 28 | 914 592 1904 | Nov.11 01:56PM | 00'26 | RCV | 01 | OK |
| 29 | 845 227 4663 | Nov.11 02:03PM | 02'41 | RCV | 11 | OK |
| 30 | 12037757993 | Nov.11 02:21PM | 00'40 | SND | 00 | OTHER FAX NOT RESPONDING |

FOR FAX ADVANTAGE ASSISTANCE, PLEASE CALL 1-800-HELP-FAX (435-7329).

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | 2.70 |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.90 |

Postmark Here

Sent To: DC Steel Builders
Street, Apt. No.; or PO Box No. 4164 Austin Bluffs Pkwy #343
City, State, ZIP+4 Colorado Springs, CO 80918

PS Form 3800, June 2002 — See Reverse for Instructions

7004 1350 0003 0040 2003

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DC Steel Builders
4164 Austin Bluffs Pkwy #343
Colorado Springs, CO 80918

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☑ Agent ☐ Addressee

B. Received by (Printed Name): SM Highe
C. Date of Delivery: 11/17/08

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7004 1350 0003 0040 2003

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540